# EXHIBIT A



# Tarrant County District Clerk Online
### Thomas A. Wilder, District Clerk

| Civil - Case and Transaction Information | 3/17/17 1:44 PM |
|---|---|

| Cause Number: | 342-290642-17 | | Date Filed: 02-23-2017 |
|---|---|---|---|

REESE HALLAK    | VS |    ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ET AL

Cause of Action:     CONTRACT, CONSUMER/DTPA

Case Status:     PENDING

| File Mark | Description | | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|---|
| 02-23-2017 | PLTF'S ORIG PET | N | 1 | | 284.00 | |
| 02-23-2017 | COURT COST (PAID) trans #1 | Y | | | | 284.00 |
| 02-23-2017 | CIVIL CASE INFO SHEET | | | | | 0.00 |
| 02-23-2017 | SVC REQ FORM | 1 | | | | 0.00 |
| 02-23-2017 | COPIES - SENT TO DP | N | | | 36.00 | |
| 02-23-2017 | COURT COST (PAID) trans #5 | Y | | | | 36.00 |
| 02-23-2017 | CIT Cert Mail-ISSUED ON ALLSTATE VEHICLE AND PROPERTY INSURANCE-On 02/24/2017 | N | Svc | | 83.00 | |
| 02-23-2017 | CIT Cert Mail-ISSUED ON JOE DAVIS-On 02/24/2017 | N | Svc | | 83.00 | |
| 02-23-2017 | COURT COST (PAID) trans #8 | Y | | | | 83.00 |
| 02-23-2017 | COURT COST (PAID) trans #7 | Y | | | | 83.00 |
| 03-02-2017 | CIT Cert Mail Tr# 7 RET EXEC(ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY) On 02/27/2017 | 1 | | | | 0.00 |
| 03-02-2017 | CIT Cert Mail Tr# 8 RET EXEC(JOE DAVIS) On 02/27/2 017 | 1 | | | | 0.00 |

FILED
TARRANT COUNTY
2/23/2017 5:04:38 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 342-290642-17

| | | |
|---|---|---|
| REESE HALLAK, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | TARRANT COUNTY, TEXAS |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE COMPANY | § | |
| AND JOE DAVIS, | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Reese Hallak, Plaintiff herein, files this Original Petition against Defendants Allstate Vehicle and Property Insurance Company ("Allstate") and Joe Davis ("Davis") and, in support of his causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1. Reese Hallak is a Texas resident who resides in Tarrant County, Texas.

2. Allstate is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, CT Corporation System, via certified mail at 1999 Bryan Street, Suite 900, Dallas, TX 75201-3140.

3. Joe Davis is a Texas resident who adjusted Plaintiff's insurance claim on behalf of Allstate, Claim No. 0431230747, and he may be served via certified mail at 600 Allencrest Dr., Fort Worth, Texas 76108 or wherever he may be found.

1

## II.
## DISCOVERY

4.     This case is intended to be governed by Discovery Level 2.

## III.
## CLAIM FOR RELIEF

5.     The damages sought are within the jurisdictional limits of this court.  Plaintiff currently seeks monetary relief over $100,000 but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

## IV.
## JURISDICTION AND VENUE

6.     This court has subject matter jurisdiction over this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

7.     Venue is proper in Tarrant County under Texas Civil Practice & Remedies Code Section 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claims occurred in Tarrant County. In particular, the losses at issue occurred in Tarrant County.

## V.
## FACTUAL BACKGROUND

8.     Plaintiff owns a home located at 320 Tims Rd., Crowley, Texas 76036. He is a named insured under a homeowner's insurance policy issued by Allstate, Policy No. 000829835124. In the past two years, Plaintiff has submitted two claims for property damage that Allstate has mishandled and underpaid.

A.     **Claim No. 0391807898 (Storm Claim)**

9.     On or about November 16, 2015 a severe storm that produced high winds and hail struck the Crowley area, damaging Plaintiff's house, specifically his roof. After the storm, water

2

began entering the interior of Plaintiff's home through the roof. As a result, Plaintiff reported a claim for storm damage under his insurance policy with Allstate, which was assigned Claim No. 391807898.

10.     Allstate assigned Len Delaney as the adjuster on the claim. On or about December 6, 2015, Delaney conducted a cursory and incomplete inspection of the property. Allstate and Delaney performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

11.     For example, although Delaney identified covered interior water damage in the garage area, the adjuster failed to conduct a thorough inspection of the roof, ignored evidence of storm damage, and proceeded to prepare a report that did not include all of the damages that should have been noted during the inspection.

12.     Aside from Delaney's estimate, Allstate did not communicate, in writing, the outcome of the claim or provide any explanation of the basis in the policy, in relation to the facts, for its coverage decisions.

13.     Having failed to include any amounts for covered roof damage in the estimate, however, Allstate underpaid the claim in finding that the total amount of covered damage was a few hundred dollars.

**B.     Claim No. 0431230747 (Fire Claim)**

14.     On October 5, 2016, a thermostat in Plaintiff's house caught fire. The fire spread to surrounding areas and produced thick smoke and soot that circulated throughout the house and caused extensive damages to the home's interior. The smoke not only permeated the surfaces in Plaintiff's home, it also penetrated and ruined his family's belongings, including furniture, clothing and appliances. Plaintiff immediately reported the claim to Allstate.

3

15.     Allstate assigned Joe Davis as one of the adjusters in charge of handling the claim. Although he inspected the property in the days after the loss, Davis conducted a substandard investigation and inspection of the property and later prepared a faulty and inadequate estimate of the damages.

16.     Indeed, his estimate did not include all of the damaged areas that should have been documented and otherwise undervalued the necessary costs of repairing and/or replacing areas of damage that he did document. Despite the evident need to remove and fully replace all affected surfaces given the severity of the damage, including the walls, ceilings and cabinetry, Davis' estimate essentially called for scrubbing and painting over damaged areas.

17.     Given Davis' impractical and unreasonable representation that scrubbing and painting over smoke and fire damaged surfaces would adequately restore the property to a pre-loss condition and satisfy Allstate's obligations under the policy, Plaintiff protested Davis' inadequate repair estimate. Davis, knowing that his estimate was inadequate under the circumstances, unreasonably refused to reevaluate his findings.

18.     In addition to Davis' involvement, Allstate assigned Amigos Restoration, Inc. to inspect the property, remediate the damaged areas and attempt to clean various items such as furniture. Amigos, however, was not able to fully restore and sufficiently clean the property, as it merely attempted to scrub the walls with sponges. The status of the contents in Amigos' possession is currently unknown.

19.     Thereafter, and upon information and belief, even though Allstate effectively outsourced to Amigos the responsibilities of its own personnel to adjust and investigate the loss, did not timely contact Amigos to check on the progress of remediation, which would have further

alerted Allstate to the fact that Amigos failed to effectively remediate the property and damaged contents, information that was and remains necessary for complete Allstate's investigation.

20.     In sum, Allstate's failure to conduct a reasonable investigation, obtain timely and effective remediation services, coupled with its continued refusal to provide a fair and equitable assessment of the loss, has left Plaintiff with an uninhabitable home and without enough funds to make necessary repairs.

21.     Plaintiff fared little better when it came to the loss of his belongings and alternative living arrangements.

22.     Allstate assigned another vendor, CRDN of North Dallas and Fort Worth, to restore and dry-clean some of Plaintiff's contents, namely textiles, furniture and clothing. Although these contents were collected and believed to be sent for cleaning after the loss, months later, it is still unknown whether these items were successfully cleaned and deodorized as they have not been returned to Plaintiff's custody.

23.     Upon information and belief, Allstate has failed to communicate with its vendor and has failed to ascertain the status of the damaged contents as is necessary to complete its investigation.

24.     Allstate has engaged in a protracted and incomplete assessment of the damaged contents over the course of weeks and now months. None of the adjusters who interacted with Plaintiff took steps to timely and properly inventory, examine and price the contents that were damaged because of the fire and smoke, or request that Plaintiff do the same, a task that has been rendered impossible for Plaintiff to perform because third-party vendors have maintained possession of those contents for months.

25.     Given Allstate's silence, Plaintiff has been left in the dark about what types of information Allstate requires to fully assess the losses to his dwelling and personal property. Allstate has failed to notify Plaintiff under what coverages it has made payments, whether the claim has been closed, whether additional information is needed to finalize the claim, whether additional time is needed to process the claim, or even if a sworn proof of loss is required.

26.     Compounding matters even further, throughout Plaintiff's experience with Allstate, the insurer has consistently failed to make timely payments on the claim. For example, even though the loss occurred on October 5, 2016, Plaintiff did not receive funds for the repair of their property until weeks later. Likewise, even though Allstate prepared estimates for contents in mid-October, Plaintiff did not receive payment until mid-November.

27.     Allstate's unreasonable investigation, handling of the claim and inequitable evaluation of the loss has resulted in Plaintiff's belated underpayment for the true costs of restoring his dwelling and personal property to pre-loss condition. Since the fire, Plaintiff and his family have been unable to return to their home and they continue to incur additional living expenses because of Allstate's unreasonable handling of the claim, delays and failure to properly address the obvious severity of the damage.

28.     Throughout these events, and at all relevant times, Plaintiff has fully complied with all policy conditions, cooperated with Allstate's investigation, and provided all requested information and documents pertaining to the loss.

## VI.
## CAUSES OF ACTION

29.     Each of the foregoing paragraphs is incorporated by reference in the following:

**A.     Breach of Contract (Allstate Only)**

30.     Allstate had a contract of insurance with Plaintiff. Allstate breached the terms of that contract by wrongfully underpaying both Claim Nos. 0391807898 and 0431230747 and Plaintiff was damaged thereby.

**B.     Violation of the Prompt Payment of Claims Statute (Allstate Only)**

31.     In relation to both the Storm and Fire Claims, the failure of Allstate to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

32.     Among other failings, and specifically with respect to the Fire Claim, Allstate failed to timely request from Plaintiff all items, statements, and forms that Allstate reasonably believed would be required from Plaintiff; failed to timely notify Plaintiff in writing of the acceptance or rejection of the claim not later than the 15th business day after Allstate received all items, statements and forms required; and failed to timely pay the claim in accordance with either Sections 542.057 or 542.060 of the Texas Insurance Code.

33.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18 percent interest and attorney's fees as allowed under the Texas Insurance Code.

**C.     Violation of Chapter 541/DTPA (Allstate & Davis)**

34.     Defendants were required to comply with Chapter 541 of the Texas Insurance Code.

35.     Defendants violated Section 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

7

36.     Defendants violated Section 541.060 by:

(1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

37.     Defendants violated Section 541.061 by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)     making a material misstatement of law; and

38.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant Allstate.

39.     Defendant Allstate violated the Texas Deceptive Trade Practices Act ("DTPA") in the following respects:

(1)     Allstate represented that the agreement confers or involves rights, remedies, or obligations which it does not have;

(2)     Allstate, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the Section

17.50(a)(1)(3) of the Texas Business & Commerce Code in that Allstate took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

40.    Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**D.    Attorney's Fees**

41.    Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

42.    Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice & Remedies Code Section 38.001 *et seq.*, because he is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

43.    Plaintiff further prays that he be awarded all reasonable attorney's fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

**VII.**
**CONDITIONS PRECEDENT**

44.    All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant Allstate through its actions, inaction and silence.

## VIII.
## DISCOVERY REQUESTS

45.      Pursuant to Rule 194, Defendants are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

46.      You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Reese Hallak prays that, upon final hearing of the case, he recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that Mr. Hallak be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Mr. Hallak may show himself to be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By:     /s/ William X. King
William X. King
State Bar No. 24072496
2211 Norfolk St., Suite 800
Houston, Texas 77098
713.655.1405—Telephone
713.655.1587—Fax
wking@dalyblack.com
**ATTORNEYS FOR PLAINTIFF**
**REESE HALLAK**

10

## PLAINTIFF'S FIRST SET OF INTERROGATORIES,
## REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COMES NOW Plaintiff in the above-styled and numbered cause, and requests that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiff by and through his/her attorneys of record, William X. King, Daly & Black, P.C., 2211 Norfolk St, Suite 800, Houston, Texas 77098; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at the Daly & Black, P.C. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

a.   You know the response made was incorrect or incomplete when made; or

b.   You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

DALY & BLACK, P.C.

By:___ /s/ William X. King _____
          William X. King
          State Bar No. 24072496
          2211 Norfolk St., Suite 800
          Houston, Texas 77098
          713.655.1405—Telephone
          713.655.1587—Fax
          wking@dalyblack.com
          **ATTORNEYS FOR PLAINTIFF**
          **REESE HALLAK**

11

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition.   Therefore, Defendant would have received it when it was served with the citation.

/s/ William X. King
William X. King

## INSTRUCTIONS

A.   These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.   Pursuant to the applicable rules of civil procedure, produce all documents responsive to these Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within the time period set forth above at Daly & Black, P.C.

C.   If you claim that any document or information which is required to be identified or produced by you in any response is privileged, produce a privilege log according to the applicable rules of civil procedure.

   1.   Identify the document's title and general subject matter;
   2.   State its date;
   3.   Identify all persons who participated in its preparation;
   4.   Identify the persons for whom it was prepared or to whom it was sent;
   5.   State the nature of the privilege claimed; and
   6.   State in detail each and every fact upon which you base your claim for privilege.

D.   If you claim that any part or portion of a document contains privileged information, redact only the part(s) or portion(s) of the document you claim to be privileged.

E.   If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

F.   You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

   1.   You know the response made was incorrect or incomplete when made; or
   2.   You know the response, though correct and complete when made, is no longer true and complete, and the circumstances

13

## DEFINITIONS

A.  **"Defendant," "You," "Your(s),"** refers to Allstate Vehicle and Property Insurance Company, its agents, representatives, employees and any other entity or person acting on its behalf, and Joe Davis, as the context may dictate.

B.  **"Plaintiff"** refers to the named Plaintiff in the above-captioned suit, Reese Hallak.

C.  **"The Property"** refers to the property or properties located at the address covered by the Policy, 320 Tims Rd., Crowley, TX 76036.

D.  **"The Policy"** refers to the policy issued to Plaintiff by the insurer and at issue in this lawsuit.

E.  **"The Storm Claim"** means the claim for insurance benefits submitted by Plaintiff and assigned Claim No. 0391807898.

F.  **"The Fire Claim"** means the claim for insurance benefits submitted by Plaintiff and assigned Claim No. 0431230747.

G.  **"Date(s) of Loss"** refers to the date(s) of loss identified in Plaintiff's live petition or other written or oral notice, or otherwise assigned to the claims by the insurer. When used in the plural, Dates of Loss refers to November 16, 2015 and October 5, 2016.

H.  **"Handle"** or **"Handled"** means investigating, adjusting, supervising, estimating, managing, settling, approving, supplying information or otherwise performing a task or work with respect to the claim(s) at issue in this lawsuit, excluding purely ministerial or clerical tasks.

I.  **"Lawsuit"** refers to the above styled and captioned case.

J.  **"Communication"** or **"communications"** shall mean and refer to the transmission or exchange of information, either orally or in writing, and includes without limitation any conversation, letter, handwritten notes, memorandum, inter or intraoffice correspondence, electronic mail, text messages, or any other electronic transmission, telephone call, telegraph, telex telecopy, facsimile, cable, conference, tape recording, video recording, digital recording, discussion, or face-to-face communication.

K.  The term **"Document"** shall mean all tangible things and data, however stored, as set forth in the applicable rules of civil procedure, including, but not limited to all original writings of any nature whatsoever, all prior drafts, all identical copies, all nonidentical copies, correspondence, notes, letters, memoranda of. telephone conversations, telephone messages or call slips, interoffice memoranda, intraoffice memoranda, client conference reports, files, agreements, contracts, evaluations, analyses, records, photographs sketches, slides, tape recordings, microfiche, communications, printouts, reports, invoices, receipts, vouchers, profit and loss

statements, accounting ledgers, loan documents, liens, books of accounting, books of operation, bank statements, cancelled checks, leases, bills of sale, maps, prints, insurance policies, appraisals, listing agreements, real estate closing documents, studies, summaries, minutes, notes, agendas, bulletins, schedules, diaries, calendars, logs, announcements, instructions, charts, manuals, brochures, schedules, price lists, telegrams, teletypes, photographic matter, sound reproductions, however recorded, whether still on tape or transcribed to writing, computer tapes, diskettes, disks, all other methods or means of storing data, and any other documents. In all cases where originals, prior drafts, identical copies, or nonidentical copies are not available; "document" also means genuine, true and correct photo or other copies of originals, prior drafts, identical copies, or nonidentical copies. "Document" also refers to any other material, including without limitation, any tape, computer program or electronic data storage facility in or on which any data or information has been written or printed or has been temporarily or permanently recorded by mechanical, photographic, magnetic, electronic or other means, and including any materials in or on which data or information has been recorded in a manner which renders in unintelligible without machine processing.

L.     The term **"referring"** or **"relating"** shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

M.     The singular and masculine form of any noun or pronoun includes the plural, the feminine, and the neuter.

N.     The terms **"identification,"** **"identify,"** and **"identity"** when used in reference to:

1. **Natural Persons:** Means to state his or her full name, residential address, present or last known business address and telephone number, and present or last known position and business affiliation with you;
2. **Corporate Entities:** Means to state its full name and any other names under which it does business, its form or organization, its state of incorporation, its present or last known address, and the identity of the officers or other persons who own, operate, or control the entity;
3. **Documents:** Means you must state the number of pages and nature of the document (e.g. letter or memorandum), its title, its date, the name or names of its authors and recipients, its present location and custodian, and if any such document was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, and the persons responsible for making the decision as to such disposition;
4. **Communication:** Requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication and, to the extent that the communication was non-written, to identify each person participating in the communication and to state the date, manner, place, and substance of the communication; and
5. **Activity:** Requires you to provide a description of each action, occurrence, transaction or conduct, the date it occurred, the location at which it occurred, and the identity of all persons involved.

O.   The term **"Claim File"** means the claim files and "field file(s)," whether kept in paper or electronic format, including but not limited to all documents, file jackets, file notes, claims diary or journal entries, log notes, handwritten notes, records of oral communications, communications, correspondence, photographs, diagrams, estimates, reports, recommendations, invoices, memoranda and drafts of documents regarding the Claim.

P.   The term **"Underwriting File"** means the entire file, including all documents and information used for underwriting purposes even if you did not rely on such documents or information in order to make a decision regarding insuring Plaintiff's Property.

## NOTICE OF AUTHENTICATION

You are advised that pursuant to Tex. R. Civ. P. 193.7, Plaintiff intends to use all documents exchanged and produced between the parties, including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT ALLSTATE

**INTERROGATORY NO. 1:**
Identify all persons answering or supplying any information in answering these interrogatories.

### ANSWER:

**INTERROGATORY NO. 2:**
Identify all Allstate adjusters, independent or otherwise, who were involved in evaluating Plaintiff's Fire Claim and provide the following information for each person you identify:

     a.    their name and job title(s) as of the Date of Loss;
     b.    their employer; and
     c.    description of their involvement with Plaintiff's Claim.

### ANSWER:

**INTERROGATORY NO. 3:**
Identify all Allstate adjusters, independent or otherwise, who were involved in evaluating Plaintiff's Storm Claim and provide the following information for each person you identify:

     a.    their name and job title(s) as of the Date of Loss;
     b.    their employer; and
     c.    description of their involvement with Plaintiff's Claim.

### ANSWER:

**INTERROGATORY NO. 4:**
If you contend that the some or all of the damages to the Property in the Storm Claim were not covered losses under the Policy, describe:

     a.    the scope, cause and origin of the damages you contend are not covered losses under the Policy; and
     b.    the term(s) or exclusion(s) of the Policy you relied upon in support of your decision regarding the Claim.

### ANSWER:

**INTERROGATORY NO. 5:**

If you contend that the some or all of the damages to the Property in the Fire Claim were not covered losses under the Policy, describe:

    a.    the scope, cause and origin of the damages you contend are not covered losses under the Policy; and

    b.    the term(s) or exclusion(s) of the Policy you relied upon in support of your decision regarding the Claim.

    **ANSWER:**


**INTERROGATORY NO. 6:**

If you contend that Plaintiff did not provide you with requested information that was required to properly evaluate Plaintiff's Fire Claim, identify the information that was requested and not provided, and the dates you made those request(s).

    **ANSWER:**

**INTERROGATORY NO. 7:**

If you contend that Plaintiff's acts or omissions relative to the Storm Claim voided, nullified, waived or breached the Policy in any way, state the factual basis for your contention(s).

    **ANSWER:**

**INTERROGATORY NO. 8:**

If you contend that Plaintiff's acts or omissions relative to the Fire Claim voided, nullified, waived or breached the Policy in any way, state the factual basis for your contention(s).

    **ANSWER:**

**INTERROGATORY NO. 9:**

Identify the date you first anticipated litigation with respect to the Fire Claim.

    **ANSWER:**

**INTERROGATORY NO. 10:**

State the factual basis for each of your affirmative defenses.

    **ANSWER:**

**INTERROGATORY NO. 11:**

If you contend that Plaintiff failed to mitigate damages for either the Storm or Fire Claim, describe how Plaintiff failed to do so, and identify any resulting prejudice.

    **ANSWER:**

**INTERROGATORY NO. 12:**
List all payments made to Plaintiff on the Fire Claim to date, including:

      (a)     the dates the payments were requested;
      (b)     who requested payment be made;
      (c)     the dates the payments were made;
      (d)     the manner in which they were made (e.g., by check or wire transfer), and
      (e)     the applicable coverages under which those payments were made.

      **ANSWER:**

**INTERROGATORY NO. 13:**
If your answer to Request for Admission No. 26 was an unequivocal admission, please state the reasons why the investigation has not been completed, what information is still required for the investigation, and whether you have notified Plaintiff of the need to gather more information.

      **ANSWER:**

**INTERROGATORY NO. 14:**
Please provide a brief description of the criteria Allstate utilizes to evaluate, inspect and adjust residential property claims involving smoke and/or fire damaged property, how it determines whether smoke and/or fire damages property should be repaired, rebuilt or replaced with property of like kind and quality, and how it ascertains the reasonable and necessary costs of repairs, rebuilding or replacement.

      **ANSWER:**

## PLAINTIFF'S REQUEST FOR PRODUCTION TO ALLSTATE

### REQUEST FOR PRODUCTION NO. 1
Produce a certified copy of all Policies you issued to Plaintiff for the Property that were in effect on the Dates of Loss.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 2
If you contend that any prior claims Plaintiff submitted for damages to the Property affected your decision in relation to the Claims at issue, produce a certified copy of all policies you issued to Plaintiff for the Property that were in effect during the handling of those claim(s).

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 3
Produce a copy of the declarations pages you issued for the Property in the three (3) years preceding the Dates of Loss.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 4
Produce your complete Underwriting File for Plaintiff's policy of insurance with you.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 5
Produce the complete Claim Files including all documents and communications regarding the Claims.

### RESPONSE:


### REQUEST FOR PRODUCTION NO. 6
Produce the Claim Files submitted to you by any third-party you hired and/or retained to investigate, consult on, handle and/or adjust the Fire Claim.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 7**
Produce all estimates, correspondence, photographs and correspondence you provided to or received from Amigos Restoration related to the Property and the Fire Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8**
Produce all estimates, correspondence, photographs and correspondence you provided to or received from CRDN of North Dallas & Fort Worth related to the Property and the Fire Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**
Produce all estimates, correspondence, photographs and correspondence you provided to or received from Temporary Housing Directory related to the Property and the Fire Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**
Produce any and all agreements Allstate has with Amigos Restoration related to Amigos' involvement and/or remediation services in property damage claims involving Allstate insureds.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**
Produce any and all agreements Allstate has with CRDN of North Dallas & Fort Worth related to CRDN's involvement in property damage claims involving Allstate insureds.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**
Produce any and all agreements Allstate has with Temporary Housing Directory related to CRDN's involvement in property damage claims involving Allstate insureds.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13**
Produce any and all correspondence by and between Joe Davis and any third-party vendors related to the Property, Plaintiffs and Fire Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14**
Produce any and all correspondence by and between Sarah Davis and any third-party vendors related to the Property, Plaintiffs and Fire Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15**
Produce any and all correspondence by and between Joe Davis and John Wilson related to the Property, Plaintiffs and Fire Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16**
Produce any and all correspondence by and between Joe Davis and any third-party vendors related to the Property, Plaintiffs and Fire Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17**
If you contend that any prior claims Plaintiff submitted for damages to the Property affected your decision in relation to the Claims at issue, produce the complete Claim File regarding those prior claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18**
Produce any and all correspondence by and between the Allstate adjusters who participated in the adjustment of the Fire Claim, including their supervisors, team managers or other superiors.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19**
Produce any and all correspondence by and between the Allstate adjusters who participated in the adjustment of the Fire Claim and Allstate's San Antonio office.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20**
Produce all documents Plaintiff or any other named insured provided to you related to the Claims or the Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21**
Produce all documents you provided to Plaintiff or any other named insured related to the Claims or the Property.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22**
Produce all documents (including reports, surveys, appraisals, damage estimates, proof of loss, or adjuster's report(s)) referring to the Claims, the Property or damage to the Property.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23**
Produce color copies of all visual reproductions of the Property taken either prior to, at the time of, or after the Dates of Loss (including diagrams, drawings, photographs, video records, videotapes, or other information).

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24**
Produce all documents in your possession, custody or control from the office of Plaintiff's insurance agent concerning Plaintiff's Property, Policy and Claims. This request includes written and/or electronic communications you sent to, or received from, Plaintiff's insurance agent related to the Claim, the Property, the Plaintiff or this Lawsuit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25**
Produce all communications between any of your claims personnel, claims handlers, field adjusters, office adjusters, and their direct or indirect supervisors related to the investigation, handling, and settlement of Plaintiff's Fire Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26**
Produce all communications between any of your claims personnel, claims handlers, field adjusters, office adjusters, and their direct or indirect supervisors related to the investigation, handling, and settlement of Plaintiff's Storm Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27**
Produce all written and/or electronic communications you sent to, or received from, any local, state, or governmental entity related to the Fire Claim, the Property, the Plaintiff or this Lawsuit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28**
Produce all written and/or electronic communications you sent to, or received, from Plaintiff and/or any other named insured on the Policy related to the Claims, the Property, or this Lawsuit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29**
Produce the personnel file for Joe Davis, including performance reviews/evaluations. This request is limited to the three (3) years prior to the Date of Loss and one (1) year after the Date of Loss. This request does not seek sensitive personnel information, e.g., social security numbers, criminal background checks, or health care information.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30**
Produce your claim handling manual(s) (including operating guidelines) in effect in November 2015 related to your claims practices, procedures and standards for adjusting property losses caused by wind and hail damage.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31**
Produce your claim handling manual(s) (including operating guidelines) in effect in October 2016 related to your claims practices, procedures and standards for adjusting property losses caused by fire and/or smoke damage.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32**
Produce all bulletins, notices, directives, memoranda, internal newsletters, publications, letters and alerts directed to all persons acting on your behalf that were issued from six (6) months before and after Storm Claim Date of Loss related to the handling of wind or hail storm claims in connection with the storm at issue.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33**
Produce the contract(s), agreement(s) and/or written understanding(s) with any independent adjusters or adjusting firms who you retained to investigate, handle and/or adjust Plaintiff's Claims on your behalf that were in effect on the Dates of Loss.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 34**
Produce the contract(s), agreement(s) and/or written understanding(s) with any engineers and/or engineering firms you retained to investigate, handle and/or adjust Plaintiff's Claims on your behalf that were in effect at the time of his/her investigation, handling and/or adjustment of Plaintiff's claim, either pre or post-lawsuit.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 35**
Produce the "Pay sheet," "Payment Log," or list of payments made on Plaintiff's Claims, including all indemnity, claim expenses and payments made to third-parties.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 36**
Produce documents showing how much Joe Davis incurred and was compensated to handle the Fire Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37**
Produce all billing statements, including billing detail, showing the amounts you paid or for which you were billed by any independent adjusters or adjusting firms who inspected Plaintiff's Property in connection with the Claim.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 38**
Produce all billing detail showing the amounts you paid or for which you were billed by any third-party vendor involved in the Fire Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39**

Produce all estimates, reports or memoranda, including drafts of the same, created for you or by any independent adjusters or adjusting firms in connection with the Claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40**

Produce all statements given by anyone, oral or written, to you or any of your agents, related to Plaintiff's Claims and/or any issue in Plaintiff's live petition

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41**

Pursuant to the applicable rules of evidence, produce all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42**

Produce all documents you identified, referred to, or relied upon in answering Plaintiff's interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43**

Produce all non-privileged documents you identified, referred to, or relied upon in developing, answering and/or formulating your Answer and/or Affirmative Defenses to Plaintiff's live petition.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44**

Produce copies of all documents you intend to offer as evidence at the trial of this matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45**

Produce copies of all documents relating to your declaration of the storm at issue in the Storm Claim that is alleged to have caused damage to Plaintiff's Property as a "catastrophe."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46**
Produce copies of your engagement letter/fee agreement between you (or whatever entity or person is paying your attorney's fee bills) and your attorneys in this matter.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 47**
Produce copies of your attorney's fee bills in this matter.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 48**
If an attorney was involved in evaluating payment or coverage of Plaintiff's Fire Claim pre-suit, provide all documents relating to that evaluation or recommendation.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 49**
Produce all referrals, reports or recommendations give to or received from Allstate's SIU department in relation to the Fire Claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50**
Produce all correspondence exchanged by and between Allstate and the manufacturer of the thermostat at issue in the Fire Claim.

    **RESPONSE:**


**REQUEST FOR PRODUCTION NO. 51**
Produce all records showing the date(s) Allstate made payments to Plaintiff for the Fire Claim.

    **RESPONSE:**

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO ALLSTATE

**REQUEST FOR ADMISSION NO. 1:**
Admit that on or about November 16, 2015 the Property sustained damages caused by a windstorm.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:**
Admit that on or about November 16, 2015 the Property sustained damages caused by a hailstorm

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:**
Admit that on or about November 16, 2015 the Policy was in full force and effect.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:**
Admit that on October 5, 2016 the Policy was in full force and effect.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:**
Admit that the Policy is a replacement cost policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:**
Admit that Allstate found no storm-related roof damage to the Property in connection with Claim No. 0369325717 with a Date of Loss of May 18, 2015.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**
Admit that Plaintiff timely reported the Storm Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**
Admit that the adjuster assigned to investigate the Storm Claim reviewed the Claim File for
Claim No. 0369325717 with a Date of Loss of May 18, 2015.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**
Admit that the only correspondence Allstate sent to Plaintiff in relation to the Storm Claim was
the estimate.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**
Admit that Allstate did not send Plaintiff any correspondence explaining its coverage decision in
connection with the Storm Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**
Admit that your decision to make payments on Plaintiff's Fire Claim was made in whole or in
part on the basis that third parties were responsible for causing damages to the Property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**
Admit that Defendant's decision to make payments on Plaintiff's Fire Claim was made in whole
or in part on the basis that the claimed damages are not covered by the Policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**
Admit that Allstate has not subrogated any of Plaintiff's rights against third-parties in relation to
the Fire Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**
Admit that the adjusters assigned to investigate the Fire Claim reviewed the underwriting file during the adjustment of the Fire Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**
Admit that Allstate did not send Plaintiff any correspondence explaining its evaluation of the loss in relation to the fact or policy in connection with the Fire Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**
Admit that Allstate did not send Plaintiff any correspondence explaining its coverage decision in connection with the Fire Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**
Admit that no exclusions under the Policy apply to the Fire Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:**
Admit that Allstate considered the Fire Claim "closed" as of January 27, 2017.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:**
Admit that Allstate did not ask Plaintiff to submit a contents inventory worksheet(s) in connection with the Fire Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:**
Admit that Allstate did not ask Plaintiff to submit food expenses covered under the Policy's ALE provisions.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:**
Admit that Allstate did not ask Plaintiff to submit housing expenses covered under the Policy's ALE provisions in the three weeks following the loss.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:**
Admit that Plaintiff did not prevent Allstate from inspecting the Property in relation to the Fire Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:**
Admit that Allstate has not asked Plaintiff to submit to an Examination Under Oath during the investigation of the Fire Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 24:**
Admit that you did not request a Sworn Proof of Loss from Plaintiff in connection with the Fire Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 25:**
Admit that you did not request a Sworn Proof of Loss from any other named insured on the Policy in connection with the Fire Claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 26:**
Admit that Allstate's investigation of the Fire Claim has been completed.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 27:**
Admit that Allstate assigned Amigos Restoration, Inc. to remediate the Property.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 28:**
Admit that Amigos Restoration, Inc. is an Allstate preferred vendor.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 29:**
Admit that Allstate gave Amigos Restoration, Inc. a fixed budget to perform remediation services.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 30:**
Admit that Allstate did not contact Amigos Restoration, Inc. until January 31, 2017about the status of remediation.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 31:**
Admit that Allstate's assigned CRDN of North Dallas and Fort Worth, to clean Plaintiff's contents.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 32:**
Admit that CRDN of North Dallas and Fort Worth is an Allstate preferred vendor.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 33:**
Admit that Allstate has not contacted CRDN of North Dallas and Fort Wort. about the status of the contents remediation since October 25, 2017.

**RESPONSE:**

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO JOE DAVIS

### REQUEST FOR ADMISSION NO. 1:
Admit that your estimate of the damages fell below your granted authority level.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 2:
Admit that the replacement cost value in your estimate of the damages fell below the authority granted to by Allstate.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 3:
Admit that you did not notify Allstate about Plaintiff's disagreement with your assessment of the loss.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 4:
Admit that the smoke damaged items cannot be adequately cleaned.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 5:
Admit that the smoke damaged areas in Plaintiff's dwelling cannot be adequately cleaned.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 6:
Admit that the smoke damaged areas in Plaintiff's dwelling cannot be adequately cleaned.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 7:
Admit that you disputed the need to replace the drywall in Plaintiff's dwelling.

### RESPONSE:

## PLAINTIFF'S REQUEST FOR PRODUCTION TO JOE DAVIS

### REQUEST FOR PRODUCTION NO. 1
Produce all correspondence (including emails and text messages) you received from Plaintiff in connection with the Fire Claim.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 2
Produce all correspondence you received from any vendors who were involved with the Fire Claim.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 3
Produce all documents (including correspondence) you received from or sent to any local fire departments.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 4
Produce all documents (including correspondence) you received from or sent to any local fire departments.

### RESPONSE:

## PLAINTIFF'S INTERROGATORIES TO JOE DAVIS

### INTERROGATORY NO. 1:
Provide a brief description of all conversations you had with Plaintiff or Plaintiff's spouse related to the Fire Claim.

### RESPONSE:

### INTERROGATORY NO. 2:
Provide a brief description of all conversations you had with Plaintiff's Public Adjuster related to the Fire Claim.

### RESPONSE:

### INTERROGATORY NO. 3:
Describe the reasons why you disagreed or disputed the estimate of Plaintiff's Public Adjuster.

### RESPONSE:

### INTERROGATORY NO. 4:
Describe the reasons why you disagreed or disputed the estimate of damages provided by Plaintiff's Public Adjuster.

### RESPONSE:

### INTERROGATORY NO. 5:
Describe the reasons why you disagreed or disputed the estimate of Plaintiff's Public Adjuster.

### RESPONSE:

### INTERROGATORY NO. 6:
Describe your inspection(s) of the property. Please state the following:

(a)     The date and time of the inspections and how long those inspections lasted;
(b)     The areas you inspected;
(c)     Whether you needed additional time to complete your inspections; and
(d)     What information and/or evidence you gathered during your inspections.

### RESPONSE:

**INTERROGATORY NO. 7:**

If you have been named as a defendant in a first-party insurance case involving damage to a residential property in the past five (5) years in your capacity as an adjuster, please identify the cause numbers for those lawsuits.

      **RESPONSE:**

Cause Number 342-290642-17

REESE HALLAK                                      ALLSTATE VEHICLE AND PROPERTY
                                    VS            INSURANCE COMPANY, ET AL

## OFFICER'S RETURN

Received  this  <u>Citation By Certified Mail</u>  on  the 24th day of February, 2017 at 10:53 AM; and  executed  at
<u>B/S CT CORPORATION SYSTEM REG AGT 1999 BRYAN ST STE 900 DALLAS TX 75201 3140</u>

within the county of _____ State of TX on the  27th day of February, 2017 by  mailing  to
the within named  <u>ALLSTATE VEHICLE AND PROPERTY INSURANCE</u>  a true copy of this  <u>Citation By Certified Mail</u>
together with the accompanying copy of:
<u>PLAINTIFF'S ORIGINAL PETITION</u>

Authorized Person/Constable/Sheriff: Thomas A. Wilder
                                    100 N CALHOUN
                                    FORT WORTH, TX 76196-0402
County of Tarrant, State of Texas

By 
            ANTHONY FERRARA

Fees $  75.00

(Must be verified if served outside the State of Texas.)
State of _____ County of _____
Signed and sworn to by the said _____ before me this _____
to certify which witness my hand and seal of office

(Seal)                      _____
                            County of Tarrant, State of Texas

*3422906421700007*

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

DOCUMENT PRODUCTION USE

Certified Mail Fee
$ 3.35

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery  $ 4.03
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postage
$ 2.2.4

Postmark
Here

7015 0640 0002 0983 1064

13.29 342-290642-17/DP/SR/CM
Allstate Vehicle & Property Ins.
C/O CT Corporation System
1999 Bryan St., Ste. 900
Dallas, TX 75201-3136

for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: DOCUMENT PRODUCTION
   342-290642-17/DP/SR/CM
   Allstate Vehicle & Property Ins.
   C/O CT Corporation System
   1999 Bryan St., Ste. 900
   Dallas, TX 75201-3136

   9590 9403 0953 5223 4144 36

2. Article Number (Transfer from service label)
   7015 0640 0002 0983 1064

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                         ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
   FEB 2 7 2017

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

THOMAS A. WILDER
2017 MAR -2 AM 9:51

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☐ Certified Mail®                     ☐ Registered Mail Restricted
☒ Certified Mail Restricted Delivery     Delivery
☐ Collect on Delivery                 ☒ Return Receipt for
☐ Collect on Delivery Restricted Delivery   Merchandise
☐ Insured Mail                        ☐ Signature Confirmation™
☐ Insured Mail Restricted Delivery    ☐ Signature Confirmation
   (over $500)                           Restricted Delivery

Domestic Return Receipt

THOMAS A. WILDER
2017 MAR -2 AM 9:53
TARRANT COUNTY

THE STATE OF TEXAS                                    **ORIGINAL**
DISTRICT COURT, TARRANT COUNTY

*CITATION*                                    *Cause No. 342-290642-17*

REESE HALLAK
VS.
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ET AL

TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

B/S CT CORPORATION SYSTEM REG AGT 1999 BRYAN ST STE 900 DALLAS, TX 75201-314
US

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 342nd District Court in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

REESE HALLAK

Filed in said Court on  February 23rd, 2017 Against
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, JOE DAVIS

For suit, said suit being numbered 342-290642-17 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

WILLIAM X KING
Attorney for REESE HALLAK Phone No. (713)655-1405
Address     2211 NORFOLK ST STE 800 HOUSTON, TX 77098

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and seal of said Court, at office in the City of Fort Worth, this the 24th day of February, 2017.
                    By _____
                              STACCI REYNOLDS

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.
        Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

### OFFICER'S RETURN *34229064217000007*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ____M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ____M
on the _____ day of _____, _____ by mailing to the within named _____

a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION  having first endorsed on same the date of delivery.

_____

                    Deputy/Constable/Sheriff: _____
County of _____ State of _____ By _____ Deputy
Fees $_____       _____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
                              County of _____, State of _____

7015 0640 0002 0983 1064

*CITATION*

---

Cause No. 342-290642-17

REESE HALLAK

VS.

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY, ET AL

ISSUED

This 24th day of February, 2017

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By     STACCI REYNOLDS Deputy

---

WILLIAM X KING
Attorney for: REESE HALLAK
Phone No. (713)655-1405
ADDRESS: 2211 NORFOLK ST STE 800

HOUSTON, TX 77098

*CIVIL LAW*



*34229064217000007*

ORIGINAL

THOMAS A. WILDER
DIST. CLERK

2017 MAR -2  AM 9:51

FILED
TARRANT COUNTY

Cause Number 342-290642-17

REESE HALLAK

           VS

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY, ET AL

## OFFICER'S RETURN

Received   this   <u>Citation By Certified Mail</u>   on   the 24th day of February, 2017   at 10:52 AM; and   executed   at
<u>600 ALLENCREST DR FORT WORTH TX 76108</u>

within the county of _____ State of TX on the  27th day of February, 2017  by mailing  to
the within named <u>JOE DAVIS</u> _____ a true copy of this  <u>Citation By Certified Mail</u>
together with the accompanying copy of:
<u>PLAINTIFF'S ORIGINAL PETITION</u>

Authorized Person/Constable/Sheriff: Thomas A. Wilder

100 N CALHOUN

FORT WORTH TX 76196-0402

County of Tarrant, State of Texas

By 

         ANTHONY FERRARA

Fees $  75.00

(Must be verified if served outside the State of Texas)
State of _____ County of _____
Signed and sworn to by the said _____ before me this _____
to certify which witness my hand and seal of office

(Seal)

_____

County of Tarrant, State of Texas

```
*3422906421700008*
```



## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

DOCUMENT PRODUCTION USPS

Certified Mail Fee
$ 3.75

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $ 4.93
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $

Postage
$ 2.24

Postmark
Here

$ 13.29 342-290642-17/DP/SR/CM

Joe Davis
600 Allencrest Dr.
Fort Worth, TX 76108

7015 0640 0002 0983 1057

for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: DOCUMENT PRODUCTION

342-290642-17/DP/SR/CM

Joe Davis
600 Allencrest Dr.
Fort Worth, TX 76108

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9403 0953 5223 4144 29

2. Article Number *(Transfer from service label)*
7015 0640 0002 0983 1057

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery 2/27/17
_____

D. Is delivery address different from Item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

THOMAS A. WILDER
DISTRICT CLERK

2017 MAR -2 AM 9:56

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

---

THOMAS A. WILDER
DISTRICT CLERK

2017 MAR -2 AM 9:56

FILED
TARRANT COUNTY

THE STATE OF TEXAS **ORIGINAL**
DISTRICT COURT, TARRANT COUNTY

*CITATION*  *Cause No. 342-290642-17*

REESE HALLAK
VS.
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ET AL

TO: JOE DAVIS

600 ALLENCREST DR FORT WORTH, TX 76108- US

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 342nd District Court in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

REESE HALLAK

Filed in said Court on  February 23rd, 2017 Against
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, JOE DAVIS

For suit, said suit being numbered 342-290642-17 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

WILLIAM X KING
Attorney for REESE HALLAK Phone No. (713)655-1405
Address     2211 NORFOLK ST STE 800 HOUSTON, TX 77098

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 24th day of February, 2017.
By _____ Stacci Reynolds _____
STACCI REYNOLDS

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN *34229064217000008*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ____M; and executed at _____ within the county of _____, State of _____ at _____ o'clock ____M on the _____ day of _____, _____ by mailing to the within named _____

a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION  having first endorsed on same the date of delivery.

_____
Deputy/Constable/Sheriff: _____
County of _____ State of _____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
signed and sworn to by the said _____ before me this _____ day of _____, _____,
to certify which witness my hand and seal of office
(Seal)

County of _____, State of _____

7015 0640 0002 0983 1057

## *CITATION*

Cause No. 342-290642-17

## REESE HALLAK

### VS.

## ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ET AL

### ISSUED

This 24th day of February, 2017

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By    STACCI REYNOLDS Deputy

WILLIAM X KING
Attorney for: REESE HALLAK
Phone No. (713)655-1405
ADDRESS: 2211 NORFOLK ST STE 800

HOUSTON, TX 77098

## *CIVIL LAW*



*3422906421700008*

ORIGINAL