IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **REESE HALLAK,** | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 4:17-cv-00237-O-BP |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,** | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendant Allstate Vehicle and Property Insurance Company's Rule 12(b)(1) Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction and Rule 12(b)(6) Partial Motion to Dismiss (ECF No. 7) and Appendix in Support (ECF No. 8), both filed March 24, 2017; and Plaintiff's Response to Defendant's Rule 12(b)(1) Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction and Rule 12(b)(6) Partial Motion to Dismiss (ECF No. 12), filed April 14, 2017.

Based upon a full review of the relevant pleadings on file and applicable legal authorities, the undersigned RECOMMENDS that Judge O'Connor DENY Defendant's Motion (ECF No. 7).

**I.   BACKGROUND**

Plaintiff Reese Hallak ("Hallak") filed suit in the 342nd Judicial District Court of Tarrant County, Texas, on February 23, 2017, alleging claims for breach of contract and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("TDTPA") against Defendants Allstate Vehicle and Property Insurance Company ("Allstate") and adjuster Joe Davis

("Davis"). ECF No. 1 at 1-2; ECF No. 1-1. On March 17, 2017, Allstate removed this action based on diversity of citizenship jurisdiction. ECF No. 1. Thereafter, Allstate filed the instant Motion to Dismiss, contending that the Court lacks subject matter jurisdiction and that Hallak has failed to state a claim upon which relief can be granted because Hallak did not comply with the terms of the "Action Against Us" clause contained in his insurance policy, which requires him to submit a signed and sworn proof of loss ("POL") at least 91 days before initiating a lawsuit against Allstate. ECF No. 7. In his Response, Hallak disputes that failure to submit a POL deprives the Court of subject matter jurisdiction or constitutes a failure to state a claim upon which relief can be granted. ECF No. 12. On May 2, 2017, Hallak voluntarily dismissed Davis from this action. ECF Nos. 16, 17.

This suit is based on Allstate's decisions concerning the amount of loss caused by damage to Hallak's property under his Texas Homeowner's Insurance Policy (the "Policy"). ECF No. 1-1 at 4. Hallak filed two separate insurance claims regarding damage to his home, both of which he alleges Allstate mishandled and underpaid. *Id.* On November 16, 2015, Hallak's home was damaged by a severe storm that caused water to leak through his roof. *Id.* After Hallak reported his claim for storm damage, Allstate assigned adjuster Len Delaney ("Delaney"). *Id.* at 5. Hallak contends that Delaney only conducted a cursory and incomplete inspection of the property, failed to communicate in writing the outcome of the claim or provide any explanation for coverage decisions, and failed to include any amounts for roof damage in his estimate. *Id.*

On October 5, 2016, Hallak's home and personal property were damaged by a fire. *Id.* After Hallak reported his claim pursuant to his policy, Allstate assigned Davis as the adjuster in charge of handling the claim. *Id.* at 6. Hallak contends that Davis conducted a substandard investigation and inspection of the property and prepared a faulty and inadequate estimate of the

2

damages. *Id.* In addition, Allstate assigned Amigos Restoration, Inc. to inspect the property, remediate the damaged areas, and attempt to clean various personal items. *Id.* Hallak claims that Amigos failed to sufficiently restore and clean the property and has retained certain personal property, and that Allstate did not remain adequately apprised of Amigos' investigation and involvement. *Id.* Allstate also assigned CRDN to restore and dry-clean some of Plaintiff's property, and Hallak claims that these items have not been returned to him. *Id.*

## II.     LEGAL STANDARDS

### A.  Rule 12(b)(1) Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Because "[f]ederal courts are courts of limited jurisdiction[, t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). If a Court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). In determining whether subject matter jurisdiction exists, a court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561

F.2d 606, 608 (5th Cir. 1977)). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* Dismissal for lack of subject matter jurisdiction "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* "The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 953 (N.D. Tex. 2013) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). "A motion to dismiss based on the complaint alone presents a 'facial attack' that requires the court to merely decide whether the allegations in the complaint, taken as true, sufficiently state a basis for subject matter jurisdiction." *Id.* (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). "If sufficient, those allegations alone provide jurisdiction." *Paterson*, 644 F.2d at 523. "When evidence is presented with the motion to dismiss, the attack is 'factual' and 'no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Lowe*, 972 F. Supp. 2d at 953 (quoting *Williamson*, 645 F.2d at 413).

"Once subject matter jurisdiction is proper, the court may have ancillary jurisdiction over additional claims or parties that it may not have had otherwise." *Zurn Indus., Inc. v. Acton Const. Co.*, 847 F.2d 234, 236 (5th Cir. 1988); *see also Peacock v. Thomas*, 516 U.S. 349, 354 n.5 (1996) ("Congress codified much of the common-law doctrine of ancillary jurisdiction as part of 'supplemental jurisdiction' in 28 U.S.C. § 1367."). Where a party is impleaded under Rule 14, "the court has ancillary jurisdiction over the claim or party even in the absence of an independent basis for federal jurisdiction." *Id.* at 236-37 (citing *H.L. Peterson Co. v. Applewhite*, 383 F.2d 430, 433

4

(5th Cir. 1967)). However, in order for a court to have supplemental jurisdiction over third-party claims, the claims must be "'so related to claims in th[e] action' so as to form 'part of the same case or controversy.'" *Classic Ink., Inc. v. Tampa Bay Rowdies*, No. CIV.A. 3:09-CV-784-L, 2010 WL 184432, at *4 (N.D. Tex. Jan. 20, 2010) (citing 28 U.S.C. § 1367(a)).

### B. Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Rules require that each claim contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). Accordingly, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Bell Atl. Corp.*, 550 U.S. at 547). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

"Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. However, courts may also consider matters of which they may take judicial notice." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). Therefore, in ruling on a motion to dismiss, courts "must consider the complaint in its entirety, as

well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

### C. *Erie* Doctrine

Hallak's claims do not invoke a federal question. Therefore, the Court applies the law of the forum state, which here is Texas. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "Under the *Erie* doctrine, [courts] are bound in diversity cases to apply the substantive law of the forum state as interpreted by the state's highest court." *Am. Nat. Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 328 (5th Cir. 2001) (citing *Ladue v. Chevron U.S.A., Inc.*, 920 F.2d 272, 274 (5th Cir. 1991)). The Court "look[s] to decisions of the state's highest court, or in the absence of a final decision by that court on the issue under consideration, [ ] must determine in [its] best judgment, how the state's highest court would resolve the issue if presented with it." *Citigroup Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011) (internal quotations omitted).

### III. ANALYSIS

The parties' dispute is centered on the application of the "Action Against Us" provision contained in the Policy. The provision states, in pertinent part:

> **Action Against Us**
>
> No one may bring an action against us in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under a coverage to which Section I Conditions applies, unless:

> . . .
>
> c) in the event that you and we fail to agree on the amount of loss claimed by you, unless you have previously provided to us a signed sworn proof of loss, it is a condition under this Action Against Us provision that no later than 91 days prior to commencing any action against us that we receive from you a signed sworn proof of loss . . . .

ECF No. 7 at 3. This provision applies only in a dispute as to the amount of loss. *Wilson v. Allstate Ins. Co.*, No. 4:16-CV-970, 2017 WL 1313854, at *2 (E.D. Tex. Apr. 10, 2017); *Lopez v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:17-CV-00103, 2017 WL 1294453, at *3 (E.D. Tex. Apr. 4, 2017); *Polen v. Vehicle*, No. 4:16-CV-00842, 2017 WL 661836, at *2 (E.D. Tex. Feb. 17, 2017). Hallak's claims are based, in part, on allegations that Allstate did not properly assess the amount of loss caused by damage to his property. *See* ECF No. 1-1. Accordingly, because the parties dispute the amounts necessary to compensate Hallak for the covered damages to his property, the POL provision applies to the instant case.

The Eastern District of Texas, in a trilogy of cases instructive on the exact provision at issue, determined that even if the proof of loss clause applies, Texas' notice-prejudice rule requires that "the insurer must be able to show prejudice caused by the insured's failure to comply with the contract regardless of whether the terms at issue is a covenant, condition precedent, exclusion, or provision." *Polen*, 2017 WL 661836, at *3 (citing *PAJ, Inc. v. Hanover Ins.*, 243 S.W.3d 630, 635 (Tex. 2008)); *see also Wilson*, 2017 WL 1313854, at *2-3; *Lopez*, 2017 WL 1294453, at *3-4. The court's reasoning was based on a shift in Texas law, which historically treated a sworn proof of loss as a condition precedent to coverage and required a plaintiff to prove waiver or substantial compliance. *Polen*, 2017 WL 661836, at *3 (citing *Am. Teachers Life Ins. v. Brugette*, 728 S.W.2d 763, 764 (Tex. 1987)). Now, the notice-prejudice rule adopted by the Texas Supreme Court requires that the insurer show prejudice to prevail. *Id.* Because Allstate has not done so, its Motion

should be denied on this ground.

"A showing of prejudice generally requires a showing that one of the recognized purposes has been impaired." *Blanton v. Vesta Lloyds Ins.*, 185 S.W.3d 607, 615 (Tex. App.— Dallas 2006, no pet.). Allstate contends that the purpose of the POL provision is to "permit Allstate to investigate the circumstances and sworn facts of Plaintiff's disagreement, to prevent fraud, and to have the ability to resolve his dispute through further negotiation or appraisal before Plaintiff filed this action[,]" ECF No. 7 at 6, and "to enable the insurer to properly investigate the circumstances of the loss while the occurrence is fresh in the minds of witnesses, to prevent fraud, and to enable it to form an intelligent estimate of its rights and liabilities so that it may adequately prepare to defend any claim that may arise." *Id.* at 10 (quoting *Hanover Ins. of N.Y. v. Hagler*, 532 S.W.2d 136, 138 (Tex. Civ. App.—Dallas 1975, writ ref'd n.r.e.)). This reasoning has been squarely addressed and rejected by the Eastern District, in finding that defendant insurance companies have not been prejudiced, because "an insurer must offer 'more than the mere fact that it cannot employ its normal procedures in investigating and evaluating the claim.'" *Polen*, 2017 WL 661836, at *3 (citing *Hamilton Props. v. Am. Ins. Co.*, Civil Action No. 3:12-CV-5046-B, 2014 WL 3055801, at *9 (N.D. Tex. July 7, 2014) (quoting *Trumble Steel Erectors, Inc. v. Moss*, 304 F. App'x. 236, 244 (5th Cir. 2008) (per curiam))); *see Wilson*, 2017 WL 1313854, at *2; *Lopez*, 2017 WL 1294453, at *4. Allstate's arguments do not establish prejudice because it had the opportunity to inspect the property damage and attempt to settle the claims after Hallak timely filed his claims, it had the additional opportunity to investigate when the parties engaged in correspondence for several months regarding the instant dispute, and because it "received what would likely be a substantially compliant proof of loss in the form of [Hallak's] civil complaint[,]" *Lopez*, 2017 WL 1294453, at *4. *Wilson*, 2017 WL 1313854, at *3.

Finally, Allstate argues in the remainder of its Motion that Hallak has failed to state a claim upon which relief can be granted under Rule 12(b)(6) because the POL provision—which Allstate contends is a condition precedent—precludes Hallak's ability to maintain a lawsuit against Allstate. ECF No. 7 at 8. As previously discussed, "while clauses in an insurance policy were historically treated as conditions precedent [under Texas law], such is no longer the case." *Wilson*, 2017 WL 1313854, at *3 (citing *Am. Teachers Life*, 728 S.W.2d at 764) ("Under current Texas law, regardless of whether a policy provision is characterized as a covenant, condition precedent (as Defendant argues), or exclusion, the insurer must still demonstrate prejudice caused by the plaintiff's non-compliance."). Because Allstate's Motion does not contest Hallak's claims on any other grounds with respect to failure to state a claim, the Motion should be denied.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Judge O'Connor DENY Defendant's Motion (ECF No. 7).

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed May 4, 2017.

                                                                     _____
                                                                     Hal R. Ray, Jr.
                                                                     UNITED STATES MAGISTRATE JUDGE