IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **REESE HALLAK,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:17-cv-00237-O-BP |
| § | |
| **ALLSTATE VEHICLE AND** § | |
| **PROPERTY INSURANCE** § | |
| **COMPANY,** § | |
| § | |
| Defendant. § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge issued a Report and Recommendation ("R&R") (ECF No. 19) in this case. The R&R recommended that this Court deny Allstate's motion to dismiss. Allstate has filed objections. The Court has conducted a de novo review of those portions of the R&R to which an objection was made. For the following reasons, Allstate's objections are overruled, and the R&R is accepted as the Findings and Conclusions of the Court.

This is a case for breach of contract and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. Hallak sued Allstate because he disputes the amount of loss to his property. Allstate filed this motion, arguing that Hallak had failed to comply with the contract's "Action Against Us" provision by not submitting a signed and sworn proof of loss.

In the R&R, the magistrate judge determined that the parties' "Action Against Us" provision applies, but Allstate cannot prevail because Allstate failed to show prejudice. Allstate objects to the requirement that it show prejudice to prevail under the "Action Against Us" provision. The Court believes that the R&R correctly applies Texas law and that Allstate is required to show prejudice. The magistrate judge examined three cases out of the Eastern District

of Texas in its reasoning. *See, e.g.*, *Wilson v. Allstate Ins. Co.*, No. 4:16-CV-970, 2017 WL 1313854, at *2 (E.D. Tex. Apr. 10, 2017); *Lopez v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:17-CV-00103, 2017 WL 1294453, at *3 (E.D. Tex. Apr. 4, 2017); *Polen v. Vehicle*, No. 4:16-CV-00842, 2017 WL 661836, at *2 (E.D. Tex. Feb. 17, 2017). The Court finds that these cases support applying the notice-prejudice rule in this case, and Allstate's objection is overruled.

Allstate next objects to the magistrate's conclusion that it has failed to show prejudice. Allstate argues that it is prejudiced because it will have to prematurely litigate this case and because Hallak could win extra-contractual damages or attorney's fees. The Court agrees with the magistrate judge that Allstate is not prejudiced because "it had the opportunity to inspect the property damage and attempt to settle the claims after Hallak timely filed his claims, it had the additional opportunity to investigate when the parties engaged in correspondence for several months regarding the instant dispute, and because it 'received what would likely be a substantially compliant proof of loss in the form of [Hallak's] civil complaint[.]'" R&R 8 (quoting *Lopez*, 2017 WL 1294453, at *4) (citing *Wilson*, 2017 WL 1313854, at *3).

Allstate also objects to the magistrate judge's finding that Hallak's complaint amounts to substantial compliance with the "Actions Against Us" provision. But because Allstate has failed to show prejudice, the Court need not examine whether Hallak substantially complied with the provision. The Court thus overrules this objection.

Accordingly, it is **ORDERED** that Defendant Allstate Vehicle and Property Insurance Company's Rule 12(b)(1) Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction and Rule 12(b)(6) Partial Motion to Dismiss (ECF No. 7) is **DENIED**.

**SO ORDERED** on this 26th day of July, 2017.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE