IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| REESE HALLAK, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:17-cv-00237-O-BP |
| § | |
| ALLSTATE VEHICLE AND § | |
| PROPERTY INSURANCE COMPANY, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant's Motion to Abate Pending Appraisal (ECF No. 24), filed July 21, 2017; and Plaintiff's Response to Defendant's Motion to Abate Pending Appraisal (ECF No. 27), filed August 11, 2017. After reviewing the pleadings and applicable law, the undersigned RECOMMENDS that United States District Judge Reed O'Connor GRANT Defendant's Motion to Abate Pending Appraisal. ECF No. 24.

**I. BACKGROUND**

Plaintiff Reese Hallak ("Hallak") sued Defendants Allstate Vehicle and Property Insurance Company ("Allstate") and Joe Davis ("Davis") for breach of contract, Texas Insurance Code violations, and DTPA violations based on an insurance coverage dispute filed in the 342nd District Court of Tarrant County, Texas on February 23, 2017 (ECF No. 1), Hallak's original petition alleges that Allstate mishandled and underpaid him for two separate property damage claims. ECF No. 1-1. Allstate removed the action on March 17, 2017 based on diversity of citizenship jurisdiction. *Id.* Thereafter, Allstate filed its Motion to Abate Pending Appraisal (ECF No. 24),

1

arguing that, pursuant to the terms of the insurance contract between the parties, this case should be abated until conclusion of the appraisal process. *Id*. Hallak filed his Response, in which he argued that his extra-contractual claims are separate and independent from his breach of contract claim, and that a breach of contract is not a prerequisite to bad faith liability when the claim is covered. ECF No. 27. Hallak requests the Court to deny Allstate's Motion to abate the proceedings and allow discovery to continue. *Id*.

## II. LEGAL STANDARDS

### A. Motion to Abate

There is no specific federal statute or rule which expressly authorizes a motion to abate. *PJC Bros., LLC v. S&S Claims Serv., Inc.*, 267 F.R.D. 199, 200 n.2 (S.D. Tex. 2010) (citation omitted). Thus, "[w]hile federal courts have authority to entertain such preliminary motions, the decision to do so is largely a matter of judicial discretion, 'which must be exercised in light of the policy against unnecessary dilatory motions.'" *Id.* (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1360 (3d ed. 2004)) (citing 28 U.S.C. § 2105).

### B. *Erie* Doctrine

Hallak's claims do not invoke a federal question. Therefore, the Court applies the law of the forum state, which here is Texas. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "Under the *Erie* doctrine, [courts] are bound in diversity cases to apply the substantive law of the forum state as interpreted by the state's highest court." *Am. Nat. Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 328 (5th Cir. 2001) (citing *Ladue v. Chevron U.S.A., Inc.*, 920 F.2d 272, 274 (5th Cir. 1991)). The Court "look[s] to decisions of the state's highest court, or in the absence of a final decision by that court on the issue under consideration, [ ] must determine in [its] best judgment, how the state's

highest court would resolve the issue if presented with it." *Citigroup Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011) (internal quotations omitted).

## III. ANALYSIS

Allstate seeks to abate this lawsuit pending completion of the appraisal process. ECF No. 24. Allstate's Motion is based on the language of the "Appraisal" and "Action Against Us" provisions of Hallak's policy. The provisions state, in pertinent part,

> **APPRAISAL.** If you and we disagree on the amount of loss, either party may make written demand for an appraisal. Upon such demand, each party shall select a competent and impartial appraiser and notify the other of the appraiser's identity within 20 days after the demand is received. The appraisers will select a competent and impartial umpire. If the appraisers are unable to agree upon an umpire then an umpire will be appointed in the following manner:
>
> a) You or we will request the American Arbitration Association (AAA) to select an umpire at:
>
>    Attn: Allstate Texas Appraisal
>    1101 Laurel Oak Road Ste 100
>    Voorhees, New Jersey 08043
>    Email: casefiling@adr.org
>    (with subject matter as "Allstate Texas Appraisal")
>
> b) Only if AAA advises you and us in writing that it cannot appoint an umpire may we then jointly request a district judge of a district court in the judicial district where the residence premises is located to select an umpire. A judge of a district court does not include a commissioner or a judge of a county court at law, or a justice court, a municipal court, a probate court, or of a commissioner's court.
>
> The appraisers shall then determine the amount of the loss, stating separately the actual cash value and the amount of loss to each item. If the appraisers submit a written report of an agreement to you and us, the amount agreed upon shall be the amount of the loss. If they cannot agree, they will submit their differences to the umpire. A written award agreed upon by any two will determine the amount of the loss. Each party will pay the appraiser it chooses, and equally bear expenses for the umpire and all other appraisal expenses.

3

> If the appraisal process is initiated, the appraisal award shall be binding on you and us concerning the amount of the loss. We reserve the right to deny the appraisal award in part or in its entirety based upon the lack of coverage under the policy or failure to satisfy the policy terms.
>
> **ACTION AGAINST US.** No one may bring an action against us unless there has been full compliance with all policy terms.

ECF No. 24.

Appraisals are "intended to take place before suit is filed; [the Texas Supreme] Court and others have held it is a condition precedent to suit." *Guthrie v. State Farms Lloyds*, No. EP-15-CV-307-PRM, 2015 WL 13134989, at *2 (W.D. Tex. Dec. 17, 2015) (citing *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 894 (Tex. 2009)). Under Texas law, an insured's failure to comply with a condition precedent constitutes grounds for abating the suit. *See State Farm Gen. Ins. Co. v. Lawlis*, 773 S.W.2d 948, 949 (Tex. App—Beaumont, 1989, no writ); *see also Woodward v. Liberty Mutual Ins. Co.*, No. CIV.A. 3:09-CV-0228-G, 2010 WL 1186323, at *4, *6 (N.D. Tex. Mar. 26, 2010) (abating the lawsuit until the completion of the appraisal).

An insurer may compel an insured to submit to the appraisal process under the contractually agreed-upon policy's appraisal provision. *See In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W.3d 193, 195 (Tex. 2002) (finding that a dispute between an insurer and insured over the extent of the damage to the insured's property was contractually required to use an appraisal to set the value regarding the amount of loss). The Court "must presume that parties to a contract intend every contractual provision to have some meaning." *Atl. Lloyds Ins. Co. v. Butler*, 137 S.W.3d 199, 219 (Tex. App.—Houston 2004, pet. ref'd) (finding that the Appraisal Provision requires the parties to obtain an appraisal before filing suit, and thus the parties must adhere to the unambiguous terms of the Appraisal Provision).

Courts have enforced "Appraisal" clauses as "'clear and unambiguous' in entitling the insurer 'to have the appraisal procedure followed and the underlying suit abated until the completion of that procedure.'" *Johnson v. Liberty Mut. Fire Ins. Co.*, No. 4:14-CV-604, 2015 WL 11170153, at *2 (E.D. Tex. Oct. 30, 2015) (quoting *Butler v. Prop. & Cas. Ins. Co. of Hartford*, No. CIV.A. H-10-3613, 2011 WL 2174965 (S.D. Tex. June 3, 2011)) (internal citations omitted); *see also James v. Prop. & Cas. Ins. Co. of Hartford*, No. CIV.A. H-10-1998, 2011 WL 4067880, at *3 (S.D. Tex. Sept. 12, 2011) ("Abatement of the entire case pending appraisal is therefore appropriate and in the interest of the efficient and inexpensive administration of justice."). A policy generally includes appraisal provisions to provide for a "potential resolution of the…dispute, such that the value of proceeding further in the litigation process will only be evident after the completion of the appraisal process." *Torres v. State Farm Lloyds*, No. CIV.A. 7-14-CV-421, 2015 WL 12942070, at *1 (S.D. Tex. Feb. 3, 2015) (finding that if the Court were to continue to proceed with the case, it would "ultimately result in wasted time, money, and energy if the appraisal process resolves the case or significantly narrows the issues.").

Although Hallak argues that he should be entitled to pursue discovery on his extra-contractual claims, "the determination of whether there was a breach of contract has bearing on the validity of the extra-contractual claims." *Johnson*, 290 S.W.3d at 894. Furthermore, the Texas Supreme Court held that "in most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract." *Liberty Nat. Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996). In his response to Allstate's Motion to Abate Pending Appraisal, Hallak heavily relies on the recent Texas Supreme Court decision, *USAA Tex. Lloyds Co. v. Menchaca*, ___S.W.3d___, 2017 WL 1311752 (Tex. Apr. 7, 2017). Although the court in *Menchaca* clarified the issue of whether an insured can seek extra-contractual statutory damages

without establishing a claim for breach of contract, the case "does not purport to alter long-standing case law regarding the effect of full and timely payment of an appraisal award." *Losciale v. State Farm Lloyds*, No. CIV.A. 4-17-0016, 2017 WL 3008642, at *3 (S.D. Tex. July 14, 2017) ((citing *Menchaca*, 2017 WL 1311752, at *12, *14 n.2) (noting that "[a]lthough the policy provided for an appraisal process to resolve disputes over the amount of covered losses, it appears that neither party ever invoked that alternative method for resolving this dispute.")). Under Texas case law, "if the appraisal award has been reached in accordance with the terms of the insurance policy and the insurer has timely tendered the full amount awarded by the appraisers, that conduct is legally sufficient to entitle the insurer to summary judgment on the breach-of-contract claim against it." *See United Neurology, P.A. v. Hartford Lloyd's Ins. Co.*, 101 F. Supp. 3d 584, 619 (S.D. Tex.), *aff'd*, 624 Fed. Appx. 225 (5th Cir. 2015).

Therefore, extra-contractual claims may proceed only when there is an independent injury that does not "'flow' or 'stem' from the denial of policy benefits." *See Menchaca*, 2017 WL 1311752, at *12. As recognized by the Texas Supreme Court, "a successful independent-injury claim would be rare, and [the Court] in fact [has] yet to encounter one." *Id.*; *see also Losciale*, 2017 WL 3008642, at *3 (finding that the insured's claims under the Texas Insurance Code lacked merit given State Farm's full and timely payment of the appraisal award (even though State Farm offered the amount after the start of litigation) and because the insured failed to provide evidence of an independent loss that does not flow or stem from the original denial of policy benefits). Accordingly, *Menchaca* further supports long-standing case law that unless the extra-contractual claims create an independent injury that does not "flow" or "stem" from the denial of policy benefits, full and timely payment of the appraisal award generally precludes an insured's extra-contractual claims. Thus, abatement of the instant proceeding is appropriate at this time.

Accordingly, the undersigned RECOMMENDS that Judge O'Connor GRANT Allstate's request that the Court abate this case pending completion of the appraisal process. ECF No. 24.

## IV. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Judge O'Connor GRANT Defendant's Motion to Abate Pending Appraisal (ECF No. 24) and abate this case until the parties complete the appraisal process provided for in the insurance policy. The parties should be ordered to file a joint status report every sixty (60) days informing the Court of the status of the completion of these requirements.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed August 29, 2017.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE